USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 6/11/19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

OSTROLENK FABER LLP,

Plaintiff,

v.

PAUL J. LAGASSEY,

Defendant.

---

No. 18-CV-1533 (RA)

MEMORANDUM OPINION & ORDER

RONNIE ABRAMS, United States District Judge:

Plaintiff Ostrolenk Faber LLP commenced this action against Defendant Lagassey, who is appearing *pro se*, asserting claims for fraud, unjust enrichment, and related quasi-contractual claims. Before the Court is Ostrolenk's motion for default judgment and Lagassey's motion to vacate the Clerk of Court's entry of default. For the following reasons, Ostrolenk's motion is denied and Lagassey's motion is granted.

**I. Procedural Background**

Ostrolenk filed a Complaint against Lagassey on February 20, 2018, and timely served him with a Summons and Complaint on February 27, 2018. Dkts. 1, 7. Lagassey's response to the Complaint was due March 30, 2018. On May 7, 2018, the Clerk of Court entered a certificate of default against Lagassey. Dkt. 15. On September 12, 2018, Ostrolenk moved for a default judgment against Lagassey. Dkt. 20. The Court subsequently ordered that Lagassey show cause at a hearing on January 8, 2019, why a default judgment should not be entered. Dkt. 30. The day before the order to show cause hearing, the Court received a letter from Lagassey dated January 4, 2019. Dkt. 35. In the letter, Lagassey indicated his intent to be heard in this action and requested that the Court set aside the Clerk of Court's entry of default for good cause, pursuant to Fed. R.

Civ. P. 55(c). Although the letter was not filed as a motion with a supporting memorandum and affidavit, pursuant to Local Civil Rule 7.1, in light of Lagassey's *pro se* status, the Court accepted the letter as a motion to vacate the entry of default and adjourned the order to show cause hearing *sine die*. The Court instructed Ostrolenk that, to the extent it sought to oppose Lagassey's request to vacate the entry of default, it should file a letter in opposition, which it did on January 15, 2019. Ostrolenk filed a supplemental letter thereafter, reiterating its arguments as to why Lagassey's request to vacate the entry of default should be denied, to which Lagassey responded on May 20, 2019.

## II. Legal Standard

Federal Rule of Civil Procedure 55(c) provides that "[t]he court may set aside an entry of default for good cause." "Rule 55(c) does not define 'good cause,' but the Second Circuit has instructed district courts 'to consider three criteria in deciding a Rule 55(c) motion: (1) whether the default was willful; (2) whether setting aside the default would prejudice the party for whom default was awarded; and (3) whether the moving party has presented a meritorious defense.'" *Murray Eng'g, P.C. v. Windermere Properties LLC*, No. 12 Civ. 0052(JPO), 2013 WL 1809637, at *3 (S.D.N.Y. Apr.30, 2013) (quoting *Peterson v. Syracuse Police Dep't*, 467 F. App'x 31, 33 (2d Cir. 2012)).

"It is well established that default judgments are disfavored." *Pecarsky v. Galaxiworld.com Ltd.*, 249 F.3d 167, 174 (2d Cir. 2001). And "because defaults are generally disfavored and are reserved for rare occasions, when doubt exists as to whether a default should be granted or vacated, the doubt should be resolved in favor of the defaulting party." *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993). Put another way, good cause "should be construed liberally." *Id.*

## III. Discussion

Ostrolenk argues that Lagassey's motion to vacate the entry of default should be denied primarily on the grounds that his default was willful. Although Lagassey indisputably defaulted and Ostrolenk presents a compelling argument regarding Lagassey's willfulness, the Court nonetheless finds that Lagassey has established good cause to set aside the entry of default.

### A. Prejudice to Plaintiff

"Prejudice to the nondefaulting party is 'the single most persuasive reason for denying a Rule 55(c) motion.'" *Murray,* 2013 WL 1809637, at \*5 (quoting 10A Charles Allen Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2699 (3d ed.2010)). On this issue, Ostrolenk's sole argument appears to be that it "would be prejudiced if it had to arbitrate its claims against [Lagassey's business] entities," because if Lagassey "were to file for arbitration now against Ostrolenk, he would have delayed almost a year from Ostrolenk's filing the complaint[.]" Def's Jan. 15, 2019 Ltr. at 6. When considering a Rule 55(c) motion, however, "it is well established that delay alone is not a sufficient basis for establishing prejudice." *Fischer v. Forrest,* 2014 WL 2717937, at \*4 (S.D.N.Y. June 16, 2014). Rather, it must be shown that delay "will result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion." *Murray,* 2013 WL 1809637, at \*5. Ostrolenk has made no such showing.

### B. Meritorious Defenses

The question of whether the defaulting party has a meritorious defense is answered "not by whether there is a likelihood that [the defense] will carry the day, but whether the evidence submitted, if proven at trial, would constitute a complete defense." *Enron,* 10 F.3d at 98. Having reviewed Lagassey's arguments in his Rule 55(c) motion in support of the defenses he intends to

3

assert in this case, the Court finds that Lagassey has proffered meritorious legal defenses to one or more of Ostrolenk's claims, including that the retainer agreements between the relevant business entities mandate that Ostrolenk's claims here be arbitrated.  This defense, along with others Lagassey intends to raise, may ultimately fail, but they are sufficient to support a denial of the entry of default at this early stage of the litigation.

### C. Willfulness

Lastly, a finding of willfulness is appropriate where "there is evidence of bad faith" or the default arose from "egregious or deliberate conduct." *Holland v. James,* No. 05–CV–5346, 2008 WL 3884354, at *2 (S.D.N.Y. Aug. 21, 2008) (quoting *Am. Alliance Ins. Co., Ltd. v. Eagle Ins. Co.,* 92 F.3d 57, 60–61 (2d Cir.1996)). "Even gross negligence does not lead to a finding of willfulness." *Fischer v. Forrest*, No. 14 Civ. 1307(PAE), 2014 WL 2717937, at *3 (S.D.N.Y. June 16, 2014).

Ostrolenk contends that Lagassey's default was willful because Lagassey waited until the day before the Court's order to show cause hearing to appear.  In support of this argument, Ostrolenk cites *Chudomel v. Dynamic Recovery Servs.*, in which the Court found the defendant's default to be willful because it did not appear until the final date for filing its opposition to the plaintiff's default judgment motion. No. 12-CV-05365 (NGG)(RLM), 2013 WL 5970613, at *4 (E.D.N.Y. Nov. 8, 2013).  In *Chudomel*, however, the defendant's opposition to plaintiff's motion for default was "silent as to why defendant failed to respond to the complaint or to appear," which the Court found to be significant in deeming the default willful.  *Id.*  By contrast, Lagassey has declared, under penalty of perjury, that he did not appear in this case earlier because he had been suffering from mental health issues in connection with his mother's death in addition to serious physical health issues.  *See* Def's Jan. 4, 2019 Ltr. at 2.  Ostrolenk does not appear to contest the

4

veracity of these assertions, noting only that Lagassey is a sophisticated businessman with prior litigation experience and access to attorneys. Where, as here, "there is a factual dispute regarding willfulness, the court should resolve it in favor of the party moving to set aside the default." *Pennacchio v. Powers*, No. 05 CV 985 RRM RML, 2010 WL 3767141, at *1 (E.D.N.Y. Aug. 9, 2010) (citing *Enron*, 10 F.3d at 98), *report and recommendation adopted*, No. 05-CV-0985 RRM RML, 2010 WL 3744052 (E.D.N.Y. Sept. 20, 2010). Accepting Lagassey's sworn statements as true, the Court finds that, on balance, Lagassey has established good cause to vacate the entry of default. *See HICA Educ. Loan Corp. v. Feintuch*, No. 12-CV-5243 ADS, 2013 WL 1898997, at *4 (E.D.N.Y. May 7, 2013) (concluding that defendant's default was not willful where he expressed "that he intended to answer," but was "distracted" by his daughter's serious medical issues and the passing of his father).

## CONCLUSION

For the foregoing reasons, Lagassey's motion to vacate the Clerk of Court's entry of default is GRANTED and Ostrolenk's motion for default judgment is DENIED. The Clerk of Court is directed to terminate the motion pending at Dkt. 20. No later than July 1, 2019 Lagassey shall file his anticipated motion to dismiss or otherwise respond to the Complaint. If Lagassey wishes to file his response on the Court's Electronic Case Filing (ECF) system, he may submit a motion for permission for electronic case filing, a copy of which is enclosed. Also enclosed is a copy of the Court's Special Rules & Practices in Civil *Pro Se* Cases which Lagassey is directed to consult with respect to communications with Chambers and other matters. The Clerk of Court is directed to mail a copy of this Order to Defendant. SO ORDERED.

Dated:    June 10, 2019
          New York, New York

                                        Ronnie Abrams
                                        United States District Judge

5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____
Write the full name of each plaintiff or petitioner.

-against-

_____

_____
Write the full name of each defendant or respondent.

No. _____CV_____

**MOTION FOR PERMISSION FOR
ELECTRONIC CASE FILING**

I respectfully ask the Court for permission to participate in electronic case filing ("e-filing") in this case. I affirm under penalty of perjury that:

1.  I have reviewed the Court's Electronic Case Filing Rules & Instructions, available at http://nysd.uscourts.gov/ecf_filing.php, and agree to abide by them.

2.  I completed the Court's CM/ECF introduction course[1] on _____.

3.  I have submitted a Non-Attorney E-File Registration for the PACER system at https://www.pacer.gov/reg_nonatty.html.

4.  I understand that once I register for e-filing, I will receive notices and documents only by e-mail in this case and not by regular mail.

5.  I understand that if I am granted permission to participate in e-filing, I must file my documents electronically and I may not submit documents to the Pro Se Intake Unit for scanning and docketing.

6.  I know how to convert a document to PDF-A format.

7.  I have regular access to the technical requirements necessary to e-file successfully:

    ☐  a computer with internet access and a word processor

       type of computer I will be using: _____

---

[1] You may register for the course on the Court's website: http://nysd.uscourts.gov/ecf_training.php.

type of word processor I will be using: _____

☐ an e-mail account (on a daily basis) to receive notifications from the Court and notices from the e-filing system

☐ a scanner to convert documents that are only in paper format into electronic files

   scanning equipment I will be using: _____

☐ a PDF reader and a PDF writer to convert word-processing documents into PDF format, the only electronic format in which documents can be e-filed

   version of PDF reader and writer that I will be using:

   _____

   ☐ a printer or copier to create required paper copies such as chambers copies.

8. I understand that I must regularly review the docket sheet of the case so that I do not miss a filing.

9. I understand that if my use of the ECF system is unsatisfactory, my e-filing privileges may be revoked, and I will be required to file documents in paper.

_____        _____
Dated                                 Signature

_____
Name

_____        _____
Address                  City                State      Zip Code

_____        _____
Telephone Number                      E-mail Address

January 4, 2016

SPECIAL RULES & PRACTICES IN CIVIL *PRO SE* CASES
RONNIE ABRAMS, UNITED STATES DISTRICT JUDGE

**Pro Se Office**
United States District Court
Southern District of New York
500 Pearl Street, Room 200
New York, New York 10007
(212) 805-0175

1. **Communications**

   A. **By a *Pro Se* Party.** All communications with the Court by a *pro se* party must be sent to the Pro Se Intake Unit located at 500 Pearl Street, Rm. 200, New York, NY 10007. No documents or Court filings should be sent directly to Chambers. Copies of correspondence between a *pro se* party and opposing parties shall not be sent to the Court.

   B. **By Parties Represented by Counsel.** Communications with the Court by a represented party shall be governed by Judge Abrams' Individual Rules and Practices in Civil Cases, available at http://nysd.uscourts.gov/judge/Abrams. Such communications must be accompanied by an Affidavit of Service affirming that the *pro se* party was served with a copy of the communication.

   C. **Requests for Adjournments or Extensions of Time.** All requests for adjournments or extensions of time must be made in writing and must state: (1) the original date(s); (2) the number of previous requests for adjournments or extensions; (3) whether these previous requests were granted or denied; and (4) whether the adversary consents and, if not, the reasons given by the adversary for refusing to consent. If the requested adjournment or extension affects any other scheduled dates, a represented party must submit a proposed Revised Scheduling Order. A *pro se* party may, but is not required to, submit a proposed Revised Scheduling Order. Requests for extensions of deadlines regarding a matter that has been referred to a Magistrate Judge shall be directed to that assigned Magistrate Judge. Absent an emergency, any request for adjournment of a court conference shall be made at least 48 hours prior to the scheduled appearance. Requests for extensions ordinarily will be denied if made after the expiration of the original deadline.

2. **Filing of Papers**

   A. **By a *Pro Se* Party.** All papers to be filed with the Court by a *pro se* party, along with any courtesy copies of those papers, must be sent to the Pro Se Intake Office. Unless the Court orders otherwise, all communications with the Court will be docketed upon receipt and such docketing shall constitute service on any user of the ECF system. If any other party is not a user of the ECF system, the *pro se* party must send copies of any filing to the party and include proof of service affirming that he or she has done so.

   B. **ECF Filing by *Pro Se* Parties.** Any non-incarcerated *pro se* party who wishes to participate in electronic case filing ("ECF") must file a Motion for Permission for Electronic Case

Filing, available in the Pro Se Intake Unit or at http://nysd.uscourts.gov/file/forms/motion-for-permission-for-electronic-case-filing-for-pro-se-cases.

**C. Consent to Electronic Service for *Pro Se* Parties.** Any non-incarcerated *pro se* party who wishes to receive documents in their case electronically (by e-mail) instead of by regular mail may consent to electronic service by filing a *Pro Se* (Non-Prisoner) Consent & Registration Form to Receive Documents Electronically, available in the Pro Se Intake Unit or at http://nysd.uscourts.gov/file/forms/consent-to-electronic-service-for-pro-se-cases.

**D. By Parties Represented by Counsel.** Except for cases in which a *pro se* party has received permission to participate in electronic case filing or has consented to electronic service, Counsel in *pro se* cases must serve a *pro se* party with a paper copy of any document that is filed electronically and file with the Court separate proof of service. Submissions filed without proof that the *pro se* party was served will not be considered.

3. **Discovery.** All requests for discovery must be sent to counsel for the opposing party. Discovery requests must not be sent to the Court.

4. **Motions**

   **A. Filing and Service.** Unless otherwise ordered by the Court, papers filed in opposition to a motion must be served and filed within four weeks of service of the motion papers, and reply papers, if any, must be served and filed within two weeks of receipt of opposition papers.

   **B. Courtesy Copy.** All motion papers should include one courtesy copy. All courtesy copies shall be clearly marked as such.

   **C. Oral Argument.** The Court will determine whether argument will be heard and, if so, will advise the parties of the argument date.

   **D. *Pro Se* Notices.** Parties who file a motion to dismiss, a motion for judgment on the pleadings, or a motion for summary judgment must provide the *pro se* party with a copy of the notices required under Local Civil Rules 12.1 or 56.2.

5. **Initial Case Management Conference.** The Court will generally schedule an initial case management conference within four months of the filing of the Complaint. An incarcerated party who may not be able to attend this or other conferences may be able to participate by telephone or video conference.

6. **Trial Documents**

   **A. Pretrial Statement.** Unless otherwise ordered by the Court, within 30 days of the completion of discovery, a *pro se* party shall file a concise, written Pretrial Statement. This Statement need take no particular form, but it must contain the following: (1) a statement of the facts the *pro se* party hopes to prove at trial; (2) a list of all documents or other physical objects that the *pro se* party plans to put into evidence at trial; and (3) a list of the names and addresses of all witnesses the *pro se* party intends to have testify at trial. The Statement must

be sworn by the *pro se* party to be true and accurate based on the facts known by the *pro se* party.  The *pro se* party shall file an original of this Statement with the Pro Se Office and an Affidavit of Service or other statement affirming that the *pro se* party sent a copy to all other parties or their counsel if they are represented.  Two weeks after service of the *pro se* party's Statement, counsel for any represented party must file and serve a similar Statement containing the same information.

**B.  Other Pretrial Filings.**  At the time of filing the Pretrial Statement, any parties represented by counsel must also submit, if the case is to be tried before only a judge without a jury, proposed findings of fact and conclusions of law, or, if it will be tried before a jury, proposed *voir dire* questions and jury instructions.  The *pro se* party may also file either proposed findings of fact and conclusions of law or proposed *voir dire* questions and jury instructions, but is not required to do so.

If you have any questions about these rules and practices, please contact the Pro Se Office at (212) 805-0175.

3